UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROGER S MELLEN,**

    **Plaintiff,**

**v.**                                                           Case No: 5:24-cv-317-PRL

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**

    **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion to Remand / Opposition to Defendants' Petition for Removal ("Motion to Remand"). (Doc. 25). Plaintiff requests that the Court remand this action to state court because Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount for purposes of invoking the Court's diversity jurisdiction. (*Id*. at pp. 1-2, 6-7). Defendant has not filed an opposition to the motion, and the time to respond has passed; thus, the Court will treat the Motion to Remand as unopposed pursuant to Local Rule 3.01(c). *See* M.D. Fla. Local Rule 3.01(c). For the reasons explained below, Plaintiff's motion is due to be granted.

I.  **BACKGROUND**

This action arises out of injuries Plaintiff sustained from a motor vehicle accident that occurred on June 6, 2023. (Doc. 1-2 at ¶¶ 4, 10). On May 24, 2024, Plaintiff's counsel sent a demand letter to Defendant, requesting the policy limit for uninsured motorists of $100,000 to settle Plaintiff's claims. (Doc. 1-7). The demand letter summarizes various medical assessments and recommendations made to Plaintiff regarding his condition and injuries, and lists the cost of Plaintiff's medical expenses, totaling $23,760.15. (*Id.* at pp. 1-3).

On April 1, 2025, Plaintiff filed suit in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. (Doc. 1-2; Doc. 1-4). Plaintiff's complaint did not allege a specific amount of damages, stating only that the damages exceeded $50,000. (Doc. 1-2 at ¶ 1, p. 3). On May 16, 2025, Defendant removed the case from state court to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). In its Notice of Removal, Defendant asserted that removal was proper because the Court has diversity jurisdiction over the action, which is between citizens of different states (i.e., Plaintiff is a citizen of Florida and Defendant is a citizen of Illinois), and the amount in controversy is greater than $75,000 based on Plaintiff's demand letter dated May 24, 2024. (*Id.* at pp. 2-4).

Plaintiff now moves to remand the action to state court, contending that Defendant failed to establish that the amount in controversy met the jurisdictional requirements. (Doc. 25). Defendant has failed to file an opposition to date.[1]

---

[1] In Plaintiff's Motion to Remand, the Local Rule 3.01(g) certification certifies that Plaintiff's counsel conferred with Defendant's counsel in a good faith effort to resolve the issues raised in the motion, but were unable to resolve the issues presented in the motion (*id.* at p. 7); thus, it appeared that Defendant may oppose the instant motion. As a result, on October 16, 2025, the Court directed Defendant to file a response in opposition, if any, to Plaintiff's Motion to Remand on or before October 23, 2025, and cautioned Defendant that a failure to file a response by the ordered shall result in the Court treating the motion as unopposed pursuant to Local Rule 3.01(c). (Doc. 26).

## II. LEGAL STANDARDS

A defendant may remove a civil action from state court to federal district court, where the basis for the underlying claim must be based upon either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1441(a); *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018). Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

The sufficiency of the amount in controversy is determined at the time of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted). If the plaintiff does not plead a specific amount of damages, the removing defendant bears the burden of proving that federal jurisdiction exists by a preponderance of the evidence and must present facts establishing its right to remove. *See Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017) (citation omitted); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007). When it is not "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, such as when "the complaint does not claim a specific amount of damages," the removing defendant must provide additional evidence demonstrating that removal is proper. *See Pretka*, 608 F.3d at 754 (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also Williams*, 269 F.3d at 1319-20 (explaining that a "conclusory allegation" that the amount in controversy is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden") (citations omitted). Beyond the face of the complaint, a district court may consider

---

As noted above, Defendant failed to timely respond to the motion.

the defendant's notice of removal and other relevant evidence submitted by the parties to determine the amount in controversy. *See Williams*, 269 F.3d at 1319; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) (noting that in making a determination as to whether the amount in controversy is satisfied, a court may consider the documents that the defendant received from the plaintiff, along with the removal attachments).

A court may draw reasonable deductions and inferences from these documents, using "judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). That said, courts must construe removal statutes strictly, "resolving doubts in favor of remand." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006) (citations omitted). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3).

Courts often consider offers for settlement when determining whether the amount in controversy for diversity jurisdiction has been met. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094-95 (11th Cir. 1994). However, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). To sufficiently establish the amount in controversy, a settlement demand must provide an honest or reasonable assessment of damages, with specific information to support a plaintiff's request, rather than simply "reflect [mere] puffing and posturing." *See id.*; *Collazo v. Progressive Select Ins. Co.*, No. 20-25302-CIV, 2021 WL 81666, at *3 (S.D. Fla. Jan. 11, 2021) (recognizing that "[c]ourts have held that a removing party may rely on a pre-suit demand to satisfy the jurisdictional amount if (1) the document reflects an honest assessment of damages, and (2)

the plaintiff does not contest the veracity of the information contained in the document despite having an opportunity to do so") (citation and internal quotation marks omitted).

### III.  DISCUSSION

In this case, Plaintiff's pre-suit demand letter offering to settle the matter does not sufficiently support the conclusion that the amount in controversy exceeds the minimum threshold for diversity jurisdiction. The demand letter merely provides sufficient factual support that the medical expenses as of the date of the demand letter totaled $23,760.15 (*see* Doc. 1-7 at p. 3), which falls far below the requisite jurisdictional threshold. *See, e.g.*, *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *1-2 (finding that plaintiff's pre-suit demand letter did not establish the amount in controversy because plaintiff merely asked the defendant to pay the limit of her insurance policy, but "fail[ed] to explain how [she] arrived at her damages calculation, and the documents included with the demand letter d[id] not indicate the exact nature of her medical needs or detail specific medical expenses that would support [her] demand"); *Bennett v. State Farm Mut. Auto Ins. Co.*, No. 5:18-cv-344-JSM-PRL, 2018 WL 6706320, at *3 (M.D. Fla. Aug. 15, 2018) (determining that plaintiff's demand letter requesting policy limit of $100,000 was "of little import" when medical expenses totaled less than $30,000 and plaintiff provided no additional information to support her demand, even where she claimed to need surgery).

Relatedly, no documentation or estimates have been provided to support a conclusion that any future expenses or pending medical bills will exceed the jurisdictional threshold. As such, "the unsubstantiated cost of [any] hypothetical future medical expenses [would be] too speculative" for the Court to rely on in this matter. *See Parnham v. Osmond*, No. 8:19-cv-592-T-60SPF, 2019 WL 3822193, at *3 (M.D. Fla. Aug. 15, 2019); *Salazar v. Fam. Dollar Stores of*

*Fla., Inc.*, No. 8:17-cv-1044-T-23JSS, 2017 WL 2729406, at *2 (M.D. Fla. June 26, 2017) ("Without any evidence about the likelihood that a plaintiff's injury will necessitate a particular treatment, the amount in controversy must exclude as an uncertain prospect the cost of a treatment mentioned by a doctor.") (citing *Lowery*, 483 F.3d at 1213-18). Indeed, the Court cannot engage in "conjecture, speculation, or star gazing" to make up for Defendant's failure to provide specific facts and information on the amount in controversy. *See Pretka*, 608 F.3d at 754 (citation omitted).

As previously noted, Defendant has not filed a response or objection to Plaintiff's Motion to Remand. "[A]ll doubts about jurisdiction should be resolved in favor of remand[.]" *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-12 (11th Cir. 1999) (recognizing that "removal jurisdiction raises significant federalism concerns," and therefore, doubt as to "jurisdiction should be resolved in favor of remand to state court"); *see Candelario v. USAA Cas. Ins. Co.*, No. 6:20-cv-2373-JA-LRH, 2021 WL 406262, at *2 (M.D. Fla. Feb. 5, 2021) ("The high level of uncertainty regarding the amount in controversy must therefore be resolved in favor of remand.") (citing *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)). Therefore, given the foregoing, the Court finds that Defendant has not sufficiently established the requisite amount in controversy by a preponderance of the evidence and, thus, remand is warranted.

## IV. CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Plaintiff's Motion to Remand / Opposition to Defendants' Petition for Removal (Doc. 25) is **GRANTED**.

(2) This case is **REMANDED** to the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

(3) The Clerk is **directed** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

(4) The Clerk is **directed** to close the case.

**DONE** and **ORDERED** in Ocala, Florida on October 29, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties