UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROGER S MELLEN,**

    Plaintiff,

v.                                                     Case No: 5:25-cv-317-PRL

**ALLSATE FIRE AND CASUALTY INSURANCE COMPANY,**

    Defendant.

_____

**ORDER**

This cause comes before the Court on Defendant's Time-Sensitive Motion for Relief from Order of Remand. (Doc. 32). Defendant seeks reconsideration of the Court's Order granting Plaintiff's Motion to Remand / Opposition to Defendants' Petition for Removal ("Motion to Remand") entered on October 29, 2025 (Doc. 30), remanding the case to the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida ("Remand Order"). (Doc. 32 at pp. 1, 4). Defendant contends that due to technical issues with counsel's CM/ECF account, it failed to file a timely response in opposition to Plaintiff's Motion to Remand. (*Id.* at pp. 2-3). For the reasons explained below, Defendant's motion is due to be denied.

**I.     BACKGROUND**

This action arises out of injuries Plaintiff sustained from a motor vehicle accident that occurred on June 6, 2023. (Doc. 1-2 at ¶¶ 4, 10). On May 24, 2024, Plaintiff's counsel sent a demand letter to Defendant, requesting the policy limit for uninsured motorists of $100,000 to settle Plaintiff's claims. (Doc. 1-7). The demand letter summarizes various medical

assessments and recommendations made to Plaintiff regarding his condition and injuries, and lists the cost of Plaintiff's medical expenses, totaling $23,760.15. (*Id.* at pp. 1-3).

On April 1, 2025, Plaintiff filed suit in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. (Doc. 1-2; Doc. 1-4). Plaintiff's complaint did not allege a specific amount of damages, stating only that the damages exceeded $50,000. (Doc. 1-2 at ¶ 1, p. 3). On May 16, 2025, Defendant removed the case from state court to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). In its Notice of Removal, Defendant asserted that removal was proper because the Court has diversity jurisdiction over the action, which is between citizens of different states (i.e., Plaintiff is a citizen of Florida and Defendant is a citizen of Illinois), and the amount in controversy is greater than $75,000 based on Plaintiff's demand letter dated May 24, 2024. (*Id.* at pp. 2-4).

On September 29, 2025, Plaintiff moved to remand the action to state court, contending that Defendant failed to establish that the amount in controversy met the jurisdictional requirements. (Doc. 25). In Plaintiff's Motion to Remand, the Local Rule 3.01(g) certification certified that Plaintiff's counsel conferred with Defendant's counsel in a good faith effort to resolve the issues raised in the motion, but were unable to resolve the issues presented in the motion (*id.* at p. 7); thus, it appeared that Defendant may oppose the instant motion. As a result, on October 16, 2025, and after Defendant failed to contest the motion on its own, the Court directed Defendant to file a response in opposition, if any, to Plaintiff's Motion to Remand on or before October 23, 2025, and cautioned Defendant that a failure to file a response by the ordered date shall result in the Court treating the motion as unopposed pursuant to Local Rule 3.01. (Doc. 26). Defendant failed to file an opposition by the ordered date.

On October 29, 2025, the Court granted Plaintiff's Motion to Remand as unopposed, remanding the case to state court. (Doc. 30). Based on Plaintiff's pre-suit demand letter, which was supported by information detailing his medical expenses totaling $23,760.15, the Court determined that Plaintiff's "demand letter offering to settle the matter [for $100,000] d[id] not sufficiently support the conclusion that the amount in controversy exceed[ed] the minimum threshold for diversity jurisdiction." (*Id*. at p. 5). As to any future medical expenses, the Court found that "no documentation or estimates ha[d] been provided to support a conclusion that any future expenses or pending medical bills will exceed the jurisdictional threshold" and "the unsubstantiated cost of any hypothetical future medical expenses would be too speculative for the Court to rely on[.]" (*Id*.) (internal quotation marks omitted). Finally, and importantly, the Court noted that, without a response or objection to Plaintiff's Motion to Remand, doubts about the propriety of removal are resolved in favor of remand and concluded that Defendant failed to sufficiently establish the requisite amount in controversy by a preponderance of the evidence. (*Id*. at p. 6).

Defendant now moves for reconsideration of the Court's Remand Order for excusable neglect and mistake, contending that it failed to file a timely response in opposition to Plaintiff's Motion to Remand due to technical issues with Defendant counsel's CM/ECF account, which included a login authentication error and a system lockout preventing electronic filing. (Doc. 32 at pp. 2-3). Simultaneously with the filing of the motion, Defendant filed its response in opposition to Plaintiff's Motion to Remand, arguing that remand is not appropriate because Plaintiff's demand letter alleged permanent impairment and significant injuries (as well as ongoing medical expenses and loss of enjoyment of life) within the

meaning of Fla. Stat. § 627.737(2), which satisfies the amount-in-controversy requirement. (*See* Doc. 33 at p. 3).

## II.   LEGAL STANDARDS

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." *Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015) (citation omitted). Under Rule 59(e), which applies here,[1] "a party may ask a district court to reconsider an earlier ruling." *See Hill v. Escambia Cnty. Sheriff's Off.*, No. 21-10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022) (per curiam). A motion for reconsideration under Rule 59(e) is appropriate where there is: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (noting that courts have generally granted such relief in those circumstances); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (indicating that "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable'") (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citation omitted).

---

[1] "The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60." *Id*. (citation omitted). "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment [or an order,]" whereas "[m]otions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." *See id*. Here, Defendant's motion was filed within 28 days of the Court's Remand Order entered on October 29, 2025, so Rule 59(e) applies.

District courts are afforded considerable discretion to reconsider prior decisions. *See Sussman*, 153 F.R.D. at 694 (discussing reconsideration under Rule 59(e) and Rule 60(b)); *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) ("[T]he decision to grant such relief is committed to the sound discretion of the district judge[.]"). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *See Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006), *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 F. App'x 879 (11th Cir. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted); *see Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) ("[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made.") (citation and internal quotation marks omitted).

## III. DISCUSSION

As an initial matter, Defendant removed this action on May 16, 2025, pursuant to 28 U.S.C. §§ 1441, 1446. (Doc. 1 at p. 2). The Court remanded the action for lack of subject-matter jurisdiction on October 29, 2025. (*See* Doc. 30 at pp. 4, 7) ("Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c).") (citing 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 12(h)(3)). Defendant now seeks reconsideration of the Court's Remand Order (Doc. 32); however, the Court does "not have jurisdiction to address the merits of [Defendant's] motion for reconsideration[.]" *See Wachovia Mortg. FSB v. Brown*, 608

F. App'x 886, 887 (11th Cir. 2015) (per curiam); *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 (11th Cir. 2011) (holding that, where remand is based on lack of subject matter jurisdiction, "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case"); *Deutsche Bank Tr. Co. Americas v. Hunt*, No. 22-14225, 2023 WL 5668660, at *1 (11th Cir. Sept. 1, 2023) (per curiam) ("When a district court remands a case to state court for lack of subject matter jurisdiction, it cannot review its decision by entertaining a motion for reconsideration."); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

Notably, there is no clear error of law or manifest injustice here. Defendant failed to comply with two separate filing deadlines to file its response in opposition to Plaintiff's Motion to Remand. Plaintiff filed the Motion to Remand on September 29, 2025 (Doc. 25), giving Defendant until October 13, 2025 to file its response in opposition. *See* M.D. Fla. Local Rule 3.01(d) (stating that "[a] party may respond to a motion within fourteen days after service of the motion. . . . If a party fails to timely respond, the motion is subject to treatment as unopposed"). Defendant did not file a response by the filing deadline. Consequently, on October 16, 2025, the Court provided Defendant with an additional week, or until October 23, 2025, to file its response in opposition, if any, to Plaintiff's Motion to Remand. (Doc. 26). Defendant failed to file an opposition by the court-imposed deadline.

Defendant has provided no other reason to the Court apart from their counsel's technical issues with CM/ECF that prevented it from filing an opposition, which may or may not have contributed to their noncompliance with the Court's filing deadlines. *See generally Diodato v. Lucky*, No. 6:24-cv-682-JSS-LHP, 2024 WL 2724223, at *1-2 (M.D. Fla. May 28, 2024) (denying motion for relief from order where defendants argued that their failure to respond to plaintiff's motion to remand was due to excusable neglect through a "calendaring error" by defendants' counsel); *Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-cv-61216-BB, 2018 10374693, at *2 (S.D. Fla. Sept. 19, 2018) (denying motion to set aside dismissal and reinstate case where plaintiffs "provided no other reason to the Court [for failing to meet deadlines] apart from their system's failure to properly calendar the requisite deadlines"). This reason, however, is undermined by the fact that Defendant's counsel has been active in this case and filed various documents on the docket a few weeks before its response to Plaintiff's Motion to Remand was due, including a disclosure statement (Doc. 23) and an amended notice of appearance and designation (Doc. 24).

All told, Defendant's counsel had several weeks to resolve any technical issues with CM/ECF and could have informed the Court of its technical issues with CM/ECF or moved for an extension of time to respond to Plaintiff's Motion to Remand, but failed to do so. *See* Admin. Proc. for Elec. Filing § N (Aug. 1, 2025) for the United States District Court, Middle District of Florida (discussing technical failures with CM/ECF generally); *Henken v. IW Tr. Funds*, 568 F. Supp. 3d 870, 875 (S.D. Ohio 2021) (explaining that if attorneys have technical issues with the CM/ECF system, they "must inform the Court promptly . . . before they allege failure to receive [or file] documents through ECF") (citation omitted); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the

federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit.") (citation omitted). Notably, Defendant's counsel does not dispute receipt of any documents filed in this case, address any failure in accessing the Court's docket, or explain whether they attempted to contact the Court or technical support prior to the filing deadlines. Simply stated, even if the Court had jurisdiction to address Defendant's motion on the merits, Defendant's arguments to justify its failure to file a timely response in opposition are unavailing and fail to set forth facts or law of a strongly convincing nature to induce this Court to reverse its prior decision remanding this case to state court.

### IV. CONCLUSION

Accordingly, upon due consideration, Defendant's Time-Sensitive Motion for Relief from Order of Remand (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on November 5, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties